IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TAMMY L. MARLMAN                                                                                    PLAINTIFF

       v.                                      CIVIL NO. 06-3015

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                                                      DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Tammy L. Marlman brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).

**Procedural Background:**

The applications for DIB and SSI presently before this court were filed on February 13, 2003, alleging an inability to work since January 31, 2000,[1] due to systemic scleroderma with Raynaud's phenomenon and associated anxiety and depression. (Tr. 63, 53-56, 181-183). An administrative hearing was held on March 2, 2004. (Tr. 194-239). Plaintiff was present and represented by counsel.

---

[1] At the March 2, 2004, administrative hearing, plaintiff amended her alleged onset date to November 1, 2002. (Tr. 198).

AO72A
(Rev. 8/82)

At the time of the administrative hearing, plaintiff was forty years of age and obtained a general equivalency diploma (GED). (Tr. 210). Plaintiff has also attended one year of college. (Tr. 200).

By written decision dated January 13, 2005, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 19). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 19). The ALJ found plaintiff retained the residual functional capacity (RFC) to perform light work. Specifically, the ALJ found plaintiff is able to lift ten pounds frequently, twenty pounds occasionally; to push and pull ten pounds frequently, twenty pounds occasionally; to stand and/or walk a total of six hours out of an eight-hour workday; to frequently finger/handle with both hands; to frequently feel with both hands and feet; to occasionally tolerate exposure to extreme cold; and to occasionally crouch, kneel, crawl and climb stairs. (Tr. 19). The ALJ found plaintiff was unable to work around ropes, ladders or scaffolds. With the help of vocational expert testimony, the ALJ found plaintiff could perform her past relevant work as a general office clerk and a housekeeper. (Tr. 19).

Plaintiff appealed the decision of the ALJ to the Appeals Council. Plaintiff's request for review of the hearing decision by the Appeals Council was denied on February 23, 2006. (Tr. 2-4). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties have filed appeal briefs and this case is before the undersigned for report and recommendation. (Doc. # 7, 8).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

3

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

**Discussion:**

In the present case, the undersigned is particularly troubled by the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual

functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "Under this step, the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC." *Id*.

The ALJ determined plaintiff's systemic scleroderma with Raynaud's phenomenon was a severe impairment. The ALJ then found plaintiff maintained the RFC to lift ten pounds frequently, twenty pounds occasionally; to push and pull ten pounds frequently, twenty pounds occasionally; to stand and/or walk a total of six hours out of an eight-hour workday; to frequently finger/handle with both hands; to frequently feel with both hands and feet; to occasionally tolerate exposure to extreme cold; and to occasionally crouch, kneel, crawl and climb stairs.

We are troubled by the ALJ's physical RFC findings. On January 7, 2004, Dr. Stanley P. Hayes, plaintiff's treating rheumatologist, completed a physical RFC questionnaire opining plaintiff has the ability to sit for a total of about four hours in an eight-hour workday and stand/walk for a total of about two hours in an eight-hour workday. Dr. Hayes also indicated that plaintiff would need periods of walking around during an eight-hour workday about every sixty minutes for about ten minutes. Plaintiff would also need a job permitting shifting positions at will and would sometimes need to take unscheduled work breaks. Dr. Hayes indicated plaintiff retained the ability to lift less than ten pounds occasionally and ten pounds rarely. He also found plaintiff had no ability to grasp, turn or twist objects with her hands or for fine manipulations with her fingers. (Tr. 170-173).

AO72A
(Rev. 8/82)

After the administrative hearing, the ALJ sent plaintiff to rheumatologist, Dr. Donald G. Leonard, for a consultative evaluation. (Tr. 239). After evaluating plaintiff, Dr. Leonard diagnosed plaintiff with systemic scleroderma, severe inflammatory arthritis, lung dysfunction and skin change. (Tr. 176). Dr. Leonard also completed a medical assessment of ability to perform work-related activities (physical) indicating plaintiff has the ability to lift up to ten pounds occasionally, to sit for one to two hours in an eight-hour workday; to stand and/or walk one to two hours in an eight-hour workday; and to occasionally simple grasp, fine manipulate, handle objects, feel objects and reach, but never push, pull or operate controls with her hands or feet. (Tr. 178). Dr. Leonard further opined plaintiff was one hundred percent limited in her ability to climb, balance, stoop, crouch, kneel and crawl and that she must avoid all environmental exposure. (Tr. 178).

In arriving at his RFC decision, the ALJ generally relied upon the opinions of the State agency medical consultants who evaluated the issue at the initial and reconsideration levels (Tr. 17). The ALJ also gave little weight to the opinion of plaintiff's treating physician, Dr. Hayes, or to the opinion of Dr. Leonard, the consultative examiner. (Tr. 17).

Whether the ALJ grants a treating physician's opinion substantial or little weight, the regulations provide that the ALJ must "always give good reasons" for the particular weight given to a treating physician's evaluation. 20 C.F.R § 404.1527(d)(2); *see also* SSR 96-2p; *See Prosch v. Apfel,* 201 F.3d at 1010, 1012-13 (8th Cir. 2000); *Collins ex rel. Williams v. Barnhart*, 335 F.3d 726, 730 (8th Cir. 2003) (holding that a treating physician's opinion is generally entitled to substantial weight). The ALJ is also encouraged to give more weight to the opinion of a

6

specialist about medical issues related to his or her area of speciality than to the opinion of a source who is not a specialist. *Singh v. Apfel*, 222 F.3d 448, 452 (8th Cir. 2000).

We note, however, that although a treating physician's opinion is entitled to great weight, it does not automatically control or obviate the need to evaluate the record as whole. *Hogan v. Apfel* 239 F.3d 958, 961 (8th Cir.2001). The ALJ may discount or disregard such an opinion if other medical assessments are supported by superior, or more thorough medical evidence, or if the treating physician has offered inconsistent opinions. *Id; Rogers v.* Chater,118 F.3d 600, 602 (8th Cir.1997).

When presented with a treating physician's opinion, the ALJ is obligated to examine the nature and extent of the treatment relationship, attributing weight to such an opinion that is proportionate to the knowledge that the medical provider has about the plaintiff's impairments. 20 C.F.R. § 416.927(d)(2)(ii). In the present case, the ALJ found that the limitations set forth in Dr. Hayes January of 2004 RFC assessment, were inconsistent with the overall medical evidence of record. However, with the exception of a medical assessment completed by a non-examining doctor six months prior to Dr. Hayes assessment, the only other assessment of plaintiff is that of Dr. Leonard whose assessment is in line with that of Dr. Hayes. Further, Dr. Hayes' treatment notes consistently report plaintiff's cyanotic, diffusely swollen hands. (Tr. 122, 130-131, 169). Our consideration of the administrative record does not reveal a lack of support for Dr. Hayes' findings, or inconsistencies within the doctor's treating notes and ultimate findings. Therefore, because the ALJ has erroneously discounted the opinion of the treating physician, this matter must be remanded.

AO72A
(Rev. 8/82)

The record also establishes plaintiff is taking medication and being treated for depression and anxiety. On remand the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff asking the physicians to review plaintiff's medical records and complete a mental RFC assessment regarding plaintiff's capabilities during the time period in question. If further development of the record on the issue of plaintiff's mental RFC is necessary, the ALJ may also order a consultative mental exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnose plaintiff's condition(s), and complete a medical assessment of plaintiff's mental abilities to perform work related activities. *See* 20 C.F.R. §§ 404.1517, 416.917.

After considering this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 19th day of January 2007.

/s/       *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE